NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AMANDA G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.O., *Appellees*.

No. 1 CA-JV 16-0461
FILED 5-4-2017

Appeal from the Superior Court in Maricopa County
No.  JS18361
No. JD28006
The Honorable Alison Bachus, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

**¶1**        Amanda G. (mother) appeals the juvenile court's determination that severance of her parental rights to A.O. was in the child's best interest.  We affirm for the following reasons.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Mother is the biological parent to two children, J.O. and A.O. Three days before A.O. was born, mother's parental rights to J.O. were severed due to prolonged drug use and out-of-home placement pursuant to Arizona Revised Statutes (A.R.S.) section 8-533 (B)(3), (8)(c) (2016).[1]

**¶3**        The Department of Child Safety (DCS) took A.O. into protective custody before she left the hospital with mother and filed a dependency petition in January 2016.  The next month, DCS filed a petition to terminate mother's parental rights.[2]  DCS alleged two grounds for termination: 1) mother had her parental rights to another child terminated within the preceding two years for the same cause, and 2) mother was unable to parent A.O. due to a history of chronic abuse of dangerous drugs and she did not comply with DCS's efforts to provide her with rehabilitative services. DCS claimed the termination of mother's parental rights would serve A.O.'s best interests because it would further the plan of adoption, therefore providing A.O. with permanency and stability.

**¶4**        A contested severance hearing was held in October 2016.  The juvenile court subsequently ordered the termination of mother's parental rights on the grounds of prolonged drug use pursuant to A.R.S. § 8-

---

[1]        Absent material changes to this decision, we cite to the current version of the statute.

[2]        The petition and subsequent hearing pertained to both mother and father, but father is not a party to this appeal.

533(B)(3) and prior termination of parental rights pursuant to A.R.S. § 8-533(B)(10). As for the best interest analysis, the court stated:

> Given the posture of this case, including the parents' lack of meaningful participation in the services designed to reunify them with [A.O.], the Court finds [A.O.] would benefit from the termination of the parent-child relationship. The child is placed with a member of her extended family, that being the same relative who adopted [J.O.] The placement is meeting all of [A.O.'s] needs, and the child has no special needs. [A.O.] is thriving in her current placement, and if adopted by placement, [A.O.] would remain with her biological sibling [J.O.] In the unlikely event placement were to disrupt, [A.O.] is otherwise adoptable.

> After carefully considering the totality of the circumstances, the Court finds [DCS] has proven by a preponderance of the evidence that it would be in the minor child's best interest to have [mother's] parental rights terminated.

¶5　　　　Mother timely appealed. This court has jurisdiction under A.R.S. §§ 8-235 (2014), 12-120.21(A)(1) (2016) and -2101(A)(1) (2016).

## DISCUSSION

¶6　　　　The only issue on appeal is whether the juvenile court erred in finding that severance was in A.O.'s best interest as mother does not challenge the juvenile court's statutory findings.

¶7　　　　The best interest determination is a factual finding that the juvenile court, as a trier of fact, is in the best position to make because it can observe the parties and judge the credibility of witnesses. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002). Accordingly, we view the facts in the light most favorable to upholding the juvenile court's factual findings, and we will accept their findings unless no reasonable evidence supports them. *See Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010); *see also Maricopa Cty. Juv. Action No. JS-8287*, 171 Ariz. 104, 111, 828 P.2d 1245, 1252 (App. 1991) ("[T]he juvenile court will be deemed to have made every finding necessary to support the judgement.").

¶8　　　　A best interest determination must include a finding as to how the child will benefit from a severance *or* be harmed if the parental relationship continues. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19, 82 P.3d 43, 50 (App. 2004). "Factors [to be] considered are whether:

1) an adoptive placement is immediately available; 2) the existing placement is meeting the needs of the child; and 3) the [child is] adoptable." *Raymond F. v. Ariz. Dep't. of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30, 237 P.3d 377, 383 (App. 2010) (citations omitted).

**¶9** Here, a DCS case manager testified that A.O. is a healthy, adoptable child and would benefit from the termination because it would provide her with permanency and stability. DCS acknowledged A.O. was not currently in an adoptive placement, but hoped she would be adopted by the same family member who adopted J.O.

**¶10** Mother contends the court erred because its findings focused primarily on the benefit of the child being adopted and did not include findings regarding whether A.O. would be harmed by giving mother additional time to complete her re-unification services. However, this argument fails to recognize the court needed to find *either* that the child would benefit from termination *or* be harmed if the relationship continued. *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 16, 365 P.3d 353, 356 (2016). Accordingly, the court did not err in focusing on the benefit A.O. would receive from the severance of mother's parental rights.

**¶11** Mother also argues the court's findings are not supported by the record because the court said A.O. was currently placed in the same adoptive home as her brother when she was actually in a non-adoptive foster placement. Considering the totality of the circumstances, the record amply supports the court's finding that severance is in A.O.'s best interest although it misstated that A.O. was currently in an adoptive, familial placement. *See supra* ¶ 4. First, DCS presented evidence that mother had not followed through with the various reunification services she was offered, such as drug testing and counseling for substance abuse. Second, DCS expressed concern regarding mother's financial and housing stability because they never received evidence of housing or employment. Finally, even though A.O. was not in an adoptive placement at the time of the trial, as noted above, DCS stated she is an adoptable child. Therefore, we conclude the evidence sufficiently supports the court's best interest finding.

**CONCLUSION**

¶12        For the reasons stated above, we affirm the court's finding that severance is in A.O.'s best interest and the termination of mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA